ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 SEP -3 PM 2:51

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VICTOR BRADSHAW, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 313-049 |
| SONNY PERDUE, Governor at that Time, Atlanta; STEPHANIE DANIELS, Georgia Department of Corrections; and PTS OF AMERICA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.[1]

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

---

[1] Due to the location of two of the defendants in Atlanta and one in Nashville, it appears the Southern District of Georgia is not the proper venue for this matter. The Court could transfer it in the interest of justice instead of dismissing it, 28 U.S.C. § 1406(a), but because Plaintiff is not entitled to proceed IFP, the Court will rule on the matter here.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-727 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Bradshaw v. Governor of Georgia, et. al., 412-cv-00011 (M.D. Ga. Feb. 1, 2012) (dismissed for failure to state a claim); (2) Bradshaw v. Doe, 511-cv-00362 (M.D. Ga. Oct. 27, 2011) (dismissed for failure to state a claim); and (3) Bradshaw v. Chattahoochee Judicial District, 411-cv-00121 (M.D. Ga. Sept. 2, 2011) (dismissed for failure to state a claim). All of these previous cases qualify as strikes under § 1915(g) because they were dismissed for failing to state a claim. Furthermore, Plaintiff has

---

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

previously filed a complaint that was dismissed under § 1915(g)'s three strike rule due to the strikes accumulated in the cases cited above. Bradshaw v. Georgia Dep't of Corr., 413-cv-00073 (M.D. Ga. Apr. 4, 2013). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. In fact, Plaintiff's complaint primarily concerns his arrest in Alabama in March 2010 and his subsequent extradition to Georgia in April 2010. (See Doc. no. 1.) He does not assert that he was in any imminent danger of serious physical injury at the time he filed the complaint over three years later in July 2013. (Id.) Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this

lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 3rd day of September, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

4