FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT 15 AM 11:03

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VICTOR BRADSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-049 |
| | ) | |
| SONNY PERDUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 6).[1] The Magistrate Judge recommended denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") and dismissing his complaint without prejudice pursuant to 28 U.S.C. § 1915(g) because he had three prior federal lawsuits that were dismissed as frivolous or failing to state a claim and he failed to show that he qualified for the "imminent danger of serious physical injury" exception. (Doc. no. 3.) The Magistrate Judge found that Plaintiff did not qualify for the "imminent danger" exception because the allegations in his complaint concerned only his arrest and extradition in 2010. (Id. at 3.)

---

[1] Although Plaintiff's submission is docketed as a motion to amend, it also contains his objections to the Magistrate Judge's R&R. (See doc. no. 6, p. 2.)

After the R&R was filed, Plaintiff filed a motion to amend under Fed. R. Civ. P. 15(a), stating that he is in fact in imminent danger "simply by being incarcerated in prison."[2] (Doc. no. 6, p. 2.) As no responsive pleading has been filed, Plaintiff may amend as a matter of right without an order from the Court. See Fed. R. Civ. P. 15(a). Therefore, Plaintiff's Motion for Leave to Amend is **MOOT**. (Doc. no. 6.) However, under Fed. R. Civ. P. 15(a), a request to amend is properly denied if the requested amendment would be futile. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, Plaintiff baldly asserts that he is in imminent danger simply by being in prison, but he fails to enumerate any specific facts or reasons to support such a claim. As such, his assertion is plainly insufficient to show any imminent danger of serious physical injury at the time he filed his complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Thus, even if Plaintiff were to amend his complaint, it would still fail to show that he is in imminent danger, and would still be subject to dismissal for the reasons

---

[2] Plaintiff also argues in his motion to amend that two of his prior cases were improperly found to be "strikes" for purposes of § 1915(g). (See doc. no. 6, p. 2.) However, Plaintiff's arguments are without merit and thus his objections are **OVERRULED**.

stated in the Magistrate Judge's R&R. Therefore, the Court finds it inappropriate to allow Plaintiff to amend his complaint as requested.[3]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED**, his request to proceed IFP is **DENIED** (doc. no. 2), and this civil action is **CLOSED**. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit by filing a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 14th day of October, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also filed a motion to appoint counsel after the R&R was issued. (Doc. no. 5.) Because the Court is herein adopting the Magistrate Judge's finding that this action should be dismissed under 28 U.S.C. § 1915(g), Plaintiff's motion to appoint counsel is **DENIED** as **MOOT**.

3